NOLAN v. GREAT SOUTHERN WIRE-BOUND BOX CO., INC.

———

(March 24, 1930. Opinion and Decree.)

———

Michel Provosty, U. Marinoni, Jr., of New Orleans, attorneys for plaintiff, appellee.

Bond, Curtis, Hall & Foster, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. The plaintiff, an architect in the city of New Orleans, brings this suit against defendant for the sum of $1,365.34, alleged to be due him under a contract whereby he undertook to prepare certain plans and specifications for the erection of a building to be occupied by defendant as a factory for an agreed compensation of 3 3/5 per cent of the lowest bid received as a result of competitive bidding by contractors for the erection of the building; the lowest bid being $37,926.

Defendant admits having contracted with plaintiff upon the terms set forth in his petition, but resists payment upon the ground that plaintiff was employed to prepare plans for a factory not to cost in excess of $25,000, whereas the plans as prepared by plaintiff called for a building much more expensive.

There was judgment below for plaintiff as prayed for, and defendant has appealed.

The record indicates that certain officials of defendant company secured the services of plaintiff, who prepared certain plans and specifications. When bids were obtained for the erection of the building, the lowest of these bids apparently being more than the defendant was able or willing to pay, the contract was not let. Subsequently and without notice to plaintiff the defendant erected a building at a cost of $19,000, and, according to the testimony offered in its behalf, without the services of an architect. When Nolan insisted upon the payment of his fee, defendant declined to pay 3 3/5 per cent upon the amount of the lowest bid received, but offered to pay 1 per cent, or $379.25, this sum being

offered in response to what defendant conceived to be the customary payment when plans are rejected, and "a fair price to pay you for your services under the circumstances."

Defendant's liability in this case depends upon the determination of the question of fact raised by the record; that is to say, whether plaintiff's employment was conditioned upon the obtaining of a bid as low as $25,000.

The building, which defendant erected at a cost of $19,000, did not include some of the features originally considered desirable by defendant. For example, the building was shorter, and, instead of providing for a clear floor space, unobstructed by supporting columns, which necessarily involved an expensive roof, a cheaper roof was installed, with supporting columns. The contractor who built the structure, Mr. Denton, of Hattiesburg, Miss. testified that the Nolan plans and specifications had been submitted to him, though he insists they were not used. Mr. Denton gives his occupation, at the time of the trial, as "real estate business," and, at the time he undertook the erection of the factory, as real estate business and "looking after some building." The only plans he used, according to his statement, were some sketches drawn by Mr. Hearon, of Hattiesburg, Miss., who does not appear to have been an architect. The sketches were pencil drawings prepared from a rough outline furnished by Mr. Denton. In the words of the witness, "I give him a rough sketch and he drawed them out, the pencil draw-ing." If no use was made of the Nolan plans and no other architect was employed by defendant, it would appear unlikely that a satisfactory building, costing $19,000, could be erected, and more unlikely that defendant would have been willing to intrust the building of its factory and the expenditure of this relatively large sum of money to a part-time contractor in the real estate business without architectural guidance, particularly since it is insisted that economical reasons prevented their going forward with Nolan. Nor is the reason for employing a Mississippi contractor given, or suggested by the record. The more prudent course would appear to have been to have continued with Nolan, to have altered his plans and specifications, so as to provide for a less expensive building, and to have asked for additional bids, until one was received within the amount which the defendant desired to expend. In any event, whether Nolan's plans were used or not, we see no sufficient reason for refusing to pay for them. The mere fact that the plans were not used would not affect defendant's obligation to pay plaintiff's fee. Nolan vs. Perloff, 10 La. App. 618, 119 So. 754.

The evidence concerning the limit of $25,000 on the cost of the building is very unsatisfactory, and falls far short of proving that plaintiff's compensation was dependent upon this condition.

On the whole, we believe the case is with the plaintiff, and, consequently, for the reasons herein assigned, the judgment appealed from is affirmed.